UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ELFIN JONES,<br>  Petitioner, | Civil Action No. 1:07-cv-349 |
| vs. | Dlott, J.<br>Black, M.J. |
| TIM BRUNSMAN, WARDEN,<br>  Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court upon the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 6), and petitioner's traverse to the return of writ. (Doc. 7).

**I. PROCEDURAL HISTORY**

Petitioner was indicted by the Hamilton County Grand Jury on one count of possession of marijuana as defined in Ohio Revised Code § 2925.11(A) and one count of trafficking in marijuana as defined in Ohio Revised Code § 2925.03(A)(2). (Doc. 6, Exh. 1). On May 26, 2006, petitioner filed a motion to suppress the search of his storage unit and home and any statements he made to law enforcement. (Doc. 6, Exh. 14). After a hearing on the matter (Doc. 6, Exh. 13, Tr. at 2), the trial court denied the motion on June 12, 2006. (Doc. 6, Exh. 15).

On June 12, 2006, petitioner pled guilty to trafficking in marijuana (Doc. 6, Exh. 2; Exh. 13, Tr. at 20-21) and was sentenced to five years incarceration. (Doc. 6, Exh. 3; Exh. 13, Tr. at 32-33).

Petitioner did not pursue an appeal as of right from his conviction and sentence. On September 28, 2006, petitioner filed a motion for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District, from the trial court's judgment of conviction and sentence. (Doc. 6, Exh. 4). The State filed a memorandum in opposition. (Doc. 6, Exh. 5). On October 18, 2006,

the Court of Appeals denied petitioner's motion on the ground that he "failed to provide sufficient reasons for failure to perfect an appeal as of right." (Doc. 6, Exh. 6).

Petitioner timely appealed to the Supreme Court of Ohio. (Doc. 6, Exh. 7). In his memorandum in support of jurisdiction, petitioner raised the following proposition of law:

> 1. Whether or not the appellate court committed prejudicial error denying appellant's motion for leave to appeal, thereby preventing appellant from litigating his ineffective assistance of counsel's claim, and causing prejudice to the appellant overruling his motion to suppress physical evidence.

(Doc. 6, Exh. 8). On March 14, 2007, the Supreme Court of Ohio declined jurisdiction to hear petitioner's case. (Doc. 6, Exh. 9).

On May 1, 2007, petitioner commenced the instant federal habeas corpus action. (Doc. 1). In the petition, petitioner asserts three grounds for relief:

> **GROUND ONE:** Petitioner's guilty plea was not voluntarily, intelligently entered.
>
> Supporting Facts: Petitioner's plea of guilty was not voluntarily, intelligently entered with an understanding of the nature of the charge and maximum penalty involved and as to the consequences of his plea.
>
> **GROUND TWO:** The trial court committed prejudicial error by denying petitioner['s] motion to suppress.
>
> **GROUND THREE:** The appellate court committed prejudicial error denying petitioner's petition for leave to file delayed appeal.

(Doc. 1, Petition).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those

decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is

not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.* Since the Ohio Court of Appeals summarily denied petitioner's motion for a delayed appeal, and the Supreme Court of Ohio declined jurisdiction to consider petitioner's appeal, there is no court decision to evaluate in light of 28 U.S.C. § 2254, and the Court therefore will conduct its own deferential review.

**III. GROUND ONE OF THE PETITION IS WITHOUT MERIT**

Petitioner asserts his guilty plea was not voluntarily and intelligently entered. He contends that a constitutional violation occurred in the taking of his plea because "he received misinformation from his counsel which rendered his plea unknowing." (Doc. 7 at 10). As best the Court can discern, petitioner appears to be arguing that the amendment of the indictment to reflect a charge not carrying a mandatory sentence of eight years was not explained to him prior to his plea. (Doc. 7 at 10). For the reasons that follow, petitioner's first ground for relief is without merit.

The Fourteenth Amendment's Due Process Clause guarantees that a guilty plea must be made voluntarily and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *see also Brady v. United States,* 397 U.S. 742, 748 (1970); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.), *cert. denied,* 512 U.S. 1222 (1994). "[A] plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley v. U.S.*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady,* 312 U.S. 329, 334 (1941)). In *Brady,* the Supreme Court adopted the following standard for determining the voluntariness of a guilty plea:

4

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment),  misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper  relationship to the prosecutor's business (e.g. bribes).

*Brady,* 397 U.S. at 755 (quoting *Shelton v. United States,* 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), *rev'd on other grounds,* 356 U.S. 26 (1958)).  The voluntariness of a guilty plea must be assessed in light of all the relevant circumstances surrounding the plea. *Brady,* 397 U.S. at 749; *King,* 17 F.3d at 153 (and cases cited therein).

For a guilty plea to be deemed voluntarily entered with a "sufficient awareness of the relevant circumstances and likely consequences," the defendant must be correctly informed of the maximum sentence that could be imposed. *King,* 17 F.3d at 154; *Hart v. Marion Corr. Instit.,* 927 F.2d 256, 259 (6th Cir.), *cert. denied,* 502 U.S. 816 (1991).  Although the defendant must be apprised of such "direct consequences" of the plea, the court is under no constitutional obligation to inform the defendant of all the possible "collateral consequences" of the plea. *King,* 17 F.3d at 153; *see also El-Nobani v. United States,* 287 F.3d 417, 421 (6th Cir.), *cert. denied,* 537 U.S. 1024 (2002).  "When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding." *Garcia v. Johnson*,  991 F.2d 324, 326 (6th Cir. 1993).

A review of the record shows that petitioner's guilty plea was voluntary and intelligent and made after being fully informed of his constitutional rights.  At the plea hearing, the trial judge advised petitioner that he was giving up his right to a jury trial, to confront witnesses against him, and to subpoena witnesses on his behalf. (Doc. 6, Exh. 13 at 24).  Petitioner was also advised that if he proceeded to trial, he was not required to supply any evidence or witnesses on his behalf and that

5

his failure to do so could not be held against him. (Doc. 6, Exh. 13 at 24-25). The trial judge advised petitioner that the State was required to prove his guilt beyond a reasonable doubt. (Doc. 6, Exh. 13 at 25). Petitioner stated that he understood. (Doc. 6, Exh. 13 at 25).

Petitioner was also informed of the nature of the crime to which he was pleading guilty and the maximum sentence he faced. Petitioner was initially charged in a two count indictment. (Doc. 6, Exh. 1). At the plea hearing, the trial judge was given a written entry withdrawing petitioner's plea of not guilty and entering a plea of guilty to Count 2 of the indictment, trafficking in marijuana in violation of Ohio Rev. Code § 2925.03(A)(2), a felony of the second degree, with Count 1 of the indictment dismissed. (Doc. 6, Exh. 2, Exh. 13 at 20). The trial judge advised petitioner that pursuant to his guilty plea, he was entering a guilty plea to Count 2 of the indictment, a charge of trafficking in marijuana. (Doc. 6, Exh. 13 at 21). The trial judge advised petitioner that this "particular offense could carry anywhere from two up to eight years in prison, and a maximum fine of $15,000." (Doc. 6, Exh. 13 at 21). The judge went on to advise petitioner that the plea form indicated an agreed sentence of five years with credit for time served, a reduced charge, and reduced maximum fine of $7,500. (Doc. 6, Exh. 13 at 21). Petitioner acknowledged his signature on the plea agreement, stated that he reviewed the form with his attorney before he signed it, and stated that he was entering his plea voluntarily. (Doc. 6, Exh. 13 at 21-22, 27). Petitioner also acknowledged that if his guilty plea was accepted and he was found guilty, he would be sentenced to five years imprisonment. (Doc. 6, Exh. 13 at 22).

Petitioner was also advised of his appeal rights. Specifically, petitioner was informed that he must file a notice of appeal in 30 days. (Doc. 6, Exh. 13 at 25). Petitioner was also informed that if he chose to appeal, counsel would be appointed on his behalf for purposes of the appeal. (Doc. 6,

Exh. 13 at 26). Petitioner affirmed that he understood his appeal rights. (Doc. 6, Exh. 13 at 25, 26).

The court carefully questioned petitioner about whether he had been coerced or threatened to plead guilty, and he stated that he had not been. (Doc. 6, Exh. 13 at 26). Petitioner then affirmed that he was entering his plea knowingly and intelligently and voluntarily. *Id*. There is simply no evidence in the record that petitioner was unable to understand his guilty plea proceedings.

The trial judge then accepted petitioner's guilty plea, rendered "a finding of guilty to trafficking in marijuana, an F-2, that carries no mandatory time," and imposed the agreed sentence. (Doc. 6, Exh. 13 at 29). At the request of petitioner's counsel, the trial judge declined to impose the mandatory fine because of petitioner's indigency. (Doc. 6, Exh. 13 at 31-33).

Petitioner appears to assert two reasons that his guilty plea was not intelligently and voluntarily made. First, he states that following the denial of his motion to suppress, his attorney "left[] him with the impression that his only alternative was to enter a plea of guilty, as the evidence to the search warrant would be impossible for Jones to have a fair trial." (Doc. 7 at 10). That his attorney apprised him of the risk and probable adverse consequences of proceeding to trial was but one factor petitioner was required to weigh in contemplating his guilty plea. A guilty plea is not rendered involuntary merely because it was "motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady*, 397 U.S. at 751. The fact that petitioner relied on counsel's advice does not render his plea involuntary in light of the totality of the circumstances presented.

Second, petitioner suggests his plea was not knowing because during the plea hearing the

7

prosecutor referenced numerous "F-2s section concerning the statute and charge, which was not explained to Jones before the initial acceptance of his plea." (Doc. 7 at 10). The relevant colloquy cited by petitioner in support of his claim (Doc. 7 at 10) is as follows:

> The Court: Are you entering a plea voluntarily?
>
> The defendant: Yes.
>
> The Court: And it's–do you understand that pursuant to an agreed sentence, if I accept your plea and you're found guilty, it will be a five year sentence in the Ohio Department of Corrections, and probably do that today–
>
> The defendant: Yes.
>
> The Court: –since it's agreed? Do you understand that?
>
> The defendant: Yes.
>
> The Court: And you understand that if you are – if you're found guilty and you're sent to prison, that you're going to be subject to post-release control? This is an F-2; is that right?
>
> Mr. Tierney [the prosecutor]: It is, your Honor. But there are a number of F-2s in the marijuana section. We're amending it to reflect one that doesn't carry the mandatory eight, thereby allowing us to conduct a plea.

(Doc. 7 at 10; Doc. 6, Exh. 13 at 22).

Petitioner's suggestion that he was not apprised of the nature of the charges to which he was pleading guilty and the maximum sentence he faced is belied by the transcript references cited above. The trial judge explicitly advised petitioner that he faced up to eight years in prison (Doc. 6, Exh. 13 at 21) and petitioner signed a guilty plea form reiterating that fact. (Doc. 6, Exh. 2). The amendment of the indictment to a felony-two charge that did not carry a "mandatory" eight year sentence resulted in a more favorable sentence for petitioner, *i.e.,* five years, of which petitioner was fully aware when he entered his guilty plea. That petitioner may not have been aware of the

"mandatory" nature of a sentence of eight years on the original charge is not relevant because he already agreed to and was aware of the maximum penalty to which he would be sentenced– five years in accordance with guilty plea/agreed sentence entry. Petitioner was clearly aware of the outer limits of the penalty he could suffer upon entering his guilty plea.

In this case, the Court concludes that petitioner entered his guilty plea voluntarily in the absence of any threats or unkept promises by his counsel, the trial judge or the prosecutor, as well as intelligently with full knowledge that a five year sentence with credit for time served was the recommended sentence of the parties. The record does not support petitioner's first ground for relief or that his plea was anything other than a "voluntary and intelligent choice among the alternative courses of action open to" him. *See Sparks,* 852 F.2d at 885(quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). Ground One of the petition should be denied.

**IV. GROUND TWO OF THE PETITION IS WITHOUT MERIT.**

Ground Two of the petition asserts the trial court committed prejudicial error by denying petitioner's motion to suppress physical evidence in violation of the Fourth Amendment. Petitioner contends there was no probable cause for the search warrants because the affidavit upon which they were based contained inconsistent and incomplete information. (Doc. 7 at 12-13).

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976).

A court must perform two distinct inquiries when determining whether a petitioner may

raise a claim of illegal search or seizure in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000), *cert. denied*, 531 U.S. 1089 (2001) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Ohio provides an adequate procedural mechanism for the litigation of Fourth Amendment claims in the form of a pretrial motion to suppress pursuant to Ohio R. Crim P. 12, and a direct appeal as of right from an order denying a motion to suppress pursuant to Ohio R. App. P. 3 and 5. *Riley*, 674 F.2d at 526. Therefore, under the first inquiry, Ohio's mechanism for the resolution of Fourth Amendment claims, in the abstract, presents the opportunity to raise such claims. *Id*.

Petitioner presented his Fourth Amendment claim to the trial court, to the Ohio Court of Appeals in his motion for delayed appeal, and to the Supreme Court of Ohio. The trial court held a suppression hearing (Doc. 6, Exh. 13) and denied the motions to suppress. (Doc. 6, Exh. 13 at 18, Exh. 15). Petitioner appealed to the Ohio Court of Appeals which, as discussed above, declined to accept his delayed appeal. (Doc. 6, Exhs. 4, 6). The Supreme Court of Ohio declined jurisdiction to hear the case. (Doc. 6, Exh. 9). Petitioner does not allege he lacked a full and fair opportunity to present his Fourth Amendment claim to the state courts. Nor has he shown any failure of Ohio's procedural mechanism which prevented him from litigating his Fourth Amendment claim. *See Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000) ("Seymour does not, and cannot, claim that the State of Ohio did not provide her with a full and fair opportunity to litigate her Fourth Amendment claims; indeed, she did so in a suppression hearing before trial.").

Petitioner argues that his claim was "frustrated" by the trial court's failure to consider the eight factors set forth in Ohio Criminal Rule 41(c) as argued by his attorney at the suppression hearing. (Doc. 7 at 12-13).  This argument does not reveal any deficiency in the state court's mechanism for considering petitioner's Fourth Amendment claim.  Rather, petitioner is simply challenging the correctness of the trial court's ruling on the motions to suppress.  Therefore, any claim concerning the validity of the search of petitioner's storage unit and home is not cognizable on habeas review pursuant to *Stone v. Powell*.  Petitioner's second ground for relief does not warrant federal habeas relief in this matter.

**V. GROUND THREE OF THE PETITION IS NOT COGNIZABLE IN HABEAS CORPUS.**

Ground Three of the petition asserts that the Ohio Court of Appeals committed prejudicial error when it denied petitioner's motion for leave to file a delayed appeal.  Petitioner's allegation of error fails to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding.

The Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) (citing *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)).  Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby,* 794 F.2d at 247 (6th Cir. 1986); s*ee also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell,* 307 F.3d 380, 387 (6th Cir. 2002).  Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby*, 794 F.2d at 248 (citing *Prieser v. Rodriguez,* 411 U.S. 475, 500 (1973)).  A ground for relief that

challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See Kirby,* 794 F.2d at 247-48. Petitioner's claim that the Ohio Court of Appeals improperly denied his motion for delayed appeal under Ohio Appellate Rule 5(A) addresses a collateral matter that is unrelated to petitioner's detention. *Korbel v. Jeffreys*, 2007 WL 3146248, *3 (S.D. Ohio 2007). Therefore, his claim is not cognizable in federal habeas corpus.

To the extent that petitioner raises an issue regarding a violation of state law, such claim is not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, to the extent petitioner alleges error under state law, his claim is not cognizable in this proceeding.

Nor does petitioner's claim implicate federal constitutional concerns under the Due Process Clause. The decision to grant or deny a motion for leave to file a delayed appeal under Ohio App. Rule 5(A) is solely within the discretion of the Ohio Court of Appeals. *Granger v. Hurt*, 215 Fed. Appx. 485, 494-95 (6th Cir. Feb. 8, 2007) (not published in Federal Reporter). In *Granger*, the Sixth Circuit rejected the contention that a denial of a motion for delayed appeal, where the appellant complied with the requirements of Rule 5(A), violated his right to due process. *Granger*, 215 Fed. Appx. at 494-95.[1] Therefore, the Ohio Court of Appeals' denial of petitioner's motion for

---

[1] Ohio App. Rule 5 states in pertinent part that "[a] motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. . . ."

leave to file a delayed appeal does not, in itself, amount to a violation of due process.[2]

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  1/28/2008                              s/Timothy S. Black
        Kl                                    Timothy S. Black
                                              United States Magistrate Judge


**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

---

[2] Although a constitutional violation occurs when a criminal defendant is denied his right to appeal because he lacked knowledge of that right, *see Hall v. Yanai*, No. 05-4006, 2006 WL 2787041 (6th Cir. Sept. 27, 2006) (*per curiam*), *cert. denied*, 127 S.Ct. 2944 (2007); *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001) (citing *Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir. 1970)), petitioner does not argue he was not advised of his appeal rights, and it is clear from the record in this case that petitioner was fully informed of his appeal rights. (Doc. 6, Exh. 2 at 2; Exh. 13 at 25-26).

| | |
|---|---|
| ELFIN JONES,<br>     Petitioner,<br><br>     vs.<br><br>TIM BRUNSMAN, WARDEN,<br>     Respondent. | Civil Action No. 1:07-cv-349<br><br>Dlott, J.<br>Black, M.J. |

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).